# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESS'NN A. AUBERT, | ) | 1:13-cv-01659 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | FILE AMENDED COMPLAINT OR |
| v. | ) | NOTIFY COURT OF WILLINGESS TO |
| | ) | PROCEED ONLY ON CLAIMS |
| | ) | FOUND TO BE COGNIZABLE |
| E. MADRUGA, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 25, 2013 (ECF No. 5).

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Correctional Institution at Tehachapi, brings this civil rights action against defendant correctional officials employed by the CDCR at the Substance Abuse Treatment Facility at Corcoran (SATF). Plaintiff names the following individual defendants: Correctional Officer (C/O) E. Madruga; C/O J. Anders; C/O B. Hobbs. Plaintiff claims that he was subjected to excessive force in violation of the Eighth Amendment.

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see

also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff alleges that on February 6, 2013, he was being escorted from Administrative Segregation to the Administrative Unit (AU).  Plaintiff was escorted by Hobbs and Madruga. Plaintiff alleges that once they arrived at the AU back door, Hobbs ordered the tower officer, C/O Anders, to close the AU's back door.  Plaintiff asked why the back door was being closed, and was told by Hobbs that "yeah, you wasn't worried about attacking staff.  Then officer Madruga stated "and you Damn sure wasn't worried about playing with staff's life, by filing law suits, and now we're not about to give a f**k about your life."  Plaintiff alleges that Madruga grabbed Plaintiff by the throat and started to punch the left side of Plaintiff's face.  Plaintiff was also put in a choke hold and lost consciousness.  Plaintiff suffered a black eye, a bloody nose, and scrape marks on the left side of his forehead.   Plaintiff also alleges that Hobbs fractured his ribs.

The Court finds that Plaintiff has alleged facts that state a colorable claim for relief as to Defendants Hobbs and Madruga.  As to Defendant Anders, the only conduct charged is that Anders, pursuant to the order of Hobbs, closed the door to the AU.    In order to hold Defendant Anders liable, Plaintiff must allege facts indicating that he used excessive force, as that term is defined above.  Defendant Anders should therefore be dismissed.

### III.   Conclusion and Order

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Madruga and Hobbs for use of excessive physical force.  The complaint does not state any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in

writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward to Plaintiff two summonses and two USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Hobbs and Madruga for use of excessive physical force; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 8, 2014**           /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE