UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>    Plaintiff,<br><br>    vs.<br><br>E. MADRUGA, et al.,<br><br>    Defendants. | 1:13-cv-01659-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br>(Doc. 18.) |

**I.    BACKGROUND**

Ess'nn A. Aubert ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 15, 2013.  (Doc. 1.)  This action now proceeds on the initial Complaint, against defendants Correctional Officer (C/O) B. Hobbs and C/O E. Madruga ("Defendants") for excessive force in violation of the Eighth Amendment.[1]  (Id.)

On October 25, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)

---

[1] On May 21, 2014, the court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 11.)

1

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On September 4, 2014, Plaintiff filed a request for entry of default against the Defendants. (Doc. 18.)

## II.     ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where ... it is entry of default that is being set aside." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

### A.     Plaintiff's Request

Plaintiff requests entry of default against the Defendants on the grounds that "the court files and record . . . show that the Defendants were served [with process on July 23, 2014,] more than 21 days have elapsed . . , and "[t]he Defendants have failed to answer or otherwise

defend as to Plaintiff's complaint, or serve a copy of any answer or any defense which it might have had." (Request, Doc. 18 at 1-2.)

### B. Discussion

On June 23, 2014, the Court issued an order in this action directing the United States Marshal to serve process in this action upon defendants Hobbs and Madruga. (Doc. 13.) On July 29, 2014, Defendants filed waivers of service, causing their response to the Complaint to be due "within 60 days after 7/2/2014." (Doc. 15.)

On September 2, 2014, Defendants timely filed an Answer to the Complaint.[2] (Doc. 16.) Therefore, Plaintiff is not entitled to entry of default against defendant Hobbs or defendant Madruga, and Plaintiff's request for entry of default shall be denied.

## III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against the Defendants, filed on September 4, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **September 8, 2014**               **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). In addition, 3 days are added for mailing. Fed. R. Civ. P. 6(d). In this instance, "60 days after 7/2/2014" was August 31, 2014, which was a Sunday. Therefore, the period continued to run until the end of the next day, Monday, September 1, 2014. With 3 days added for mailing, the deadline for Defendants to file a response was Thursday, September 4, 2014.