# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>            Plaintiff,<br><br>    vs.<br><br>E. MADRUGA, et al.,<br><br>            Defendants. | 1:13-cv-01659-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND FOR SANCTIONS<br>(ECF No. 22.)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER<br>(ECF. No. 29.)<br><br>ORDER RE-OPENING DISCOVERY FOR LIMITED PURPOSE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>THIRTY-DAY DEADLINE FOR DEFENDANTS TO SUBMIT ACCOUNTING<br><br>**New Discovery Deadline:**          **09/18/2015**<br><br>**New Dispositive Motions Deadline:  10/09/2015** |

**I.    BACKGROUND**

Ess'nn A. Aubert ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

1

This case now proceeds with Plaintiff's original Complaint filed on October 15, 2013, against defendants Correctional Officer (C/O) B. Hobbs and C/O E. Madruga ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 1.) On September 4, 2014, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of May 4, 2015 for completion of discovery, and a deadline of July 16, 2015 for the filing of pretrial dispositive motions. (ECF No. 17.) The deadlines have now expired. On July 10, 2015, Plaintiff filed a motion for summary judgment, which is pending. (ECF No. 28.)

On May 4, 2015, Defendants filed a motion to compel Plaintiff's deposition and for sanctions. (ECF No. 22.) On July 16, 2015, Defendants filed a motion to modify the court's Discovery and Scheduling Order. (ECF No. 29.)

Defendants' motions to compel and to modify the scheduling order are now before the court.

## II. MOTION TO COMPEL DEPOSITION

### A. Legal Standards

#### *Rule 30 - Oral Depositions*

Under Rule 30 of the Federal Rules of Civil Procedure, a party may depose any person, including a party, by oral questions. Fed. R. Civ. P. 30(a).

#### *Court's Scheduling Order*

Pursuant to the Court's Scheduling Order issued on September 4, 2014, in this action, "Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)." (ECF No. 17 ¶3.)

#### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing

---

[1] On May 21, 2014, the court issued an order dismissing all other claims and defendants from this action, for Plaintiff's failure to state a claim. (ECF No. 11.)

party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). The court, on motion, may order sanctions if a party fails, after being served with proper notice, to attend his own deposition. Fed. R. Civ. P. 37(d)(1). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B. Defendants' Motion**

Defendants seek an order compelling Plaintiff to appear and participate in his re-scheduled deposition. Defendants assert that despite the fact that they personally served Plaintiff with notice of his video deposition, Plaintiff refused to attend his deposition, alleging that he was not served with notice of the deposition. Defendants also seek reimbursement of costs and attorneys' fees associated with the deposition.

Defendants assert that on April 16, 2015, defense counsel personally served Plaintiff with a notice of taking his deposition by videoconference, set for May 1, 2015 at 9:00 a.m. at California State Prison, Corcoran, located in Corcoran, California. (Declaration of Erick J. Rhoan, ¶2 & Exh. A.) On May 1, 2015, defense counsel attempted to conduct Plaintiff's deposition by videoconference. (Id. ¶3.) Defense counsel was informed by Correctional Officer B. Resendez that Plaintiff was refusing to attend the deposition. (Id.) Defense counsel conducted a brief examination of Officer Resendez to verify on the record that Plaintiff was not attending the deposition. (Id. & Exh. B.) The deposition was recorded and transcribed by Cheri Fike, CSR # 6200. (Id.)

**C. Plaintiff's Opposition**

Plaintiff argues that Defendants failed to provide him with prior notice of his May 4, 2015 deposition. Plaintiff objects to Defendants' evidence of Officer Brenda Resendez's deposition testimony, as impermissible hearsay. Plaintiff alleges that Defendants served

Plaintiff with their motion to compel at his former Tehachapi address, which counsel knew to be incorrect, delaying Plaintiff's receipt of the motion until June 5, 2015, (Pltf's Decl., ECF No. 24 ¶6), causing Plaintiff's opposition to the motion to compel to be untimely. Plaintiff requests court-appointed counsel to assist him.

Plaintiff declares under penalty of perjury that on April 14, 2015, he was transferred from the prison in Tehachapi to Corcoran State Prison, and all of his personal property was held until May 12, 2015, due to prison policies. (Id. ¶2.) On May 1, 2015, while Plaintiff was in his assigned housing, floor officers came to his door, explaining that he had a deposition to attend. (Id.) Plaintiff told the officer that he had no prior notice of a deposition hearing and he did not have his property. (Id.) Plaintiff claims that he was never served by mail or in person by Corcoran employees on April 16, 2015, and that he never signed for legal mail. (Id. ¶¶4, 5.)

### D. **Defendants' Reply**

Defendants reply that Plaintiff's opposition to the motion to compel was untimely according to Local Rule 230(*l*), because it was due by May 26, 2015 but was not filed until June 12, 2015, and therefore Plaintiff waived any opposition to the granting of the motion to compel. L.R. 230(*l*). In response to Plaintiff's assertion that his opposition was filed late because Defendants served him at his former address, Defendants argue that it was Plaintiff's fault because he failed to notify the court of his new address, and Defendants properly relied on the court record.

Defendants argue that Plaintiff's assertion that he was not personally served with notice of the deposition is not supported by any evidence, "notwithstanding the clear statement" in the proof of service that Plaintiff was personally served with the deposition notice by Romero, signed under penalty of perjury. (ECF No. 27 at 3:14; ECF No. 24.) Defendants also argue that Officer Resendez's testimony does not qualify as inadmissible hearsay, because Plaintiff's statement to Officer Pruneda that he was not coming to his deposition is exempted from the hearsay rule as an admission by party opponent under Federal Rule of Evidence 801(d)(2), and Pruneda's relay of information to Resendez minutes after Plaintiff personally informed Pruneda

of his refusal to leave his cell qualifies as a present sense impression under Federal Rule of Evidence 803(1).

**E.      Discussion**

Defendants are correct that Plaintiff was required to keep the court apprised of his current address. Pursuant to Local Rule 183(f), "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party [and a]bsent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." L.R. 183(f). There is no evidence that Defendants knowingly served the motion to compel at an incorrect address. Therefore, the court finds that Plaintiff is responsible for the untimely filing of his opposition because of events stemming from his failure to notify the court of his current address. However, because Plaintiff appears to have filed his opposition within a week of the date he received the motion to compel, the court finds that Plaintiff did not waive his opposition.

With respect to Plaintiff's hearsay objections to some of Defendants' evidence, if the court refers to any of the evidence in this order, by implication the objections to that evidence are overruled.

Besides his personal assertion, Plaintiff submits no evidence that he was not properly served with notice of his May 1, 2015 deposition. Plaintiff has not disputed the authenticity of Defendants' proof of service showing that Plaintiff was personally served with the deposition notice on April 16, 2015, (ECF No. 22-3 at 4). Further, correctional staff testified that Plaintiff was served on April 16, 2015. (Deposition Testimony, ECF No. 22-3 at 10:17-22.) The weight of the evidence shows that Plaintiff was properly served with notice of the deposition but failed to appear. Therefore, Defendants' motion to compel shall be granted. Defendants shall be granted time to re-schedule Plaintiff's deposition, and Plaintiff shall be required to attend the re-scheduled deposition and cooperate in discovery by answering the questions posed to him, to the best of his knowledge. Defendants are permitted to take Plaintiff's deposition by videoconference.

### III. MOTION FOR SANCTIONS

Defendants seek reimbursement by Plaintiff of their costs and attorneys' fees associated with preparing for Plaintiff's deposition and filing the motion to compel, for Plaintiff's refusal to attend the deposition, pursuant to Federal Rule of Civil Procedure 37. Defendants also request that Plaintiff bear the costs of the re-scheduled deposition.

#### A. <u>Monetary Sanctions</u>

Rule 37(a)(5)(A) provides:

> "If [a] motion [to compel] is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(d) provides that sanctions may be imposed, even in the absence of a prior court order, if a party fails to appear for deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i).

Defendants argue that sanctions should be imposed because Plaintiff's refusal to attend his deposition impedes and delays their ability to investigate and evaluate the factual allegations and legal claims against them, and frustrates their ability to defend this case. Defendants argue that Plaintiff's failure to appear is not substantially justified given that he was personally served with the deposition notice within the fourteen day time period given by the court. Defense counsel estimates his expenses for preparing to take Plaintiff's deposition to be $2,473.00, as follows.

> "I spent 9.5 hours preparing to take Plaintiff's deposition, drafting an outline of deposition questions, conducting legal

> research into Plaintiff's claims, and participating in the deposition. Following the deposition, I spent 3.5 hours drafting the instant motion to compel, supporting declaration, and conducting legal research. Attorneys in the Office of the Attorney General bill an hourly rate of $170.00. Defendants have thus incurred $2,210 in attorneys' fees. In addition, the services for the Court Reporter to attend the deposition and to provide me with an expedited copy of the transcript cost $263.00. A true and correct copy of the invoice is attached as Exhibit C. Therefore, the total expenses associated with Plaintiff's failure to appear at his deposition total $2,473.00."

(Declaration of Erick J. Rhoan, ECF No. 22-2 ¶4.)

Plaintiff argues that he should not be charged fees or costs incurred, because of "Defense Counsel's blunders and total disregard for the Federal Rules of Civil Procedure and Evidence." (ECF No. 24 at 2:19-22.) Plaintiff argues that Defendants' motion to compel is frivolous, wasting tax dollars and resources. Plaintiff also argues that defense counsel should be sanctioned for frustrating the fair examination of deponent Resendez. Plaintiff contends that he was entitled to cross-examine Resendez and place objections on the record. Plaintiff argues that defense counsel should bear his own costs or personally reimburse the state $2,473.00 for his own blunders and failure to follow federal rules.

In light of the fact that the court has granted Defendants' motion to compel, the court finds that Defendants are entitled under Rule 37(a)(5)(A) to their costs and attorney's fees for defense counsel's attendance at the deposition and preparation of the motion to compel. Defense counsel is entitled to fees for the time spent between 9:00 to 9:02 a.m. attending and participating in the videoconference deposition, for 3.5 hours spent preparing the motion to compel, and $263.00 for the court reporter's services. Counsel is not entitled to reimbursement of fees and costs for the 9.5 hours spent preparing to take Plaintiff's deposition, drafting an outline of deposition questions, and conducting legal research into Plaintiff's claims, because counsel's knowledge and work product can be used in preparation for the re-scheduled deposition. Counsel is not entitled to fees and costs for the re-scheduled deposition.

Thus, Defendants' motion for sanctions shall be granted for the allowed costs and fees discussed above. Within thirty days, Defendants shall submit to the court an accounting of the allowed costs and attorney fees. The monetary award shall be deducted from Plaintiff's

damages award if he is successful at trial, or shall be assessed as part of Defendants' costs if they prevail at trial.

## IV.    MOTION TO MODIFY SCHEDULING ORDER

Defendants request modification of the court's Scheduling Order of September 4, 2014. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants request a ninety-day extension of time following the court's ruling on the motion to compel, to conduct Plaintiff's deposition, review the transcript, and prepare a motion for summary judgment. Defendants have shown good cause for modification of the Scheduling Order. Discovery shall be reopened until **September 18, 2015** for the sole purpose of re-scheduling and conducting Plaintiff's deposition. The dispositive motions deadline shall be extended to **October 9, 2015**. Should any party require additional time, the party should file a motion before the prior deadline expires.

## V.    PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has requested court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the

court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. While the court has found that Plaintiff states a claim against defendants Madruga and Hobbs for use of excessive force, this finding is not a determination that Plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that Plaintiff is likely to succeed on the merits.  A review of the record in this case shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims.  The court notes that Plaintiff has filed other cases pro se and appears able to navigate the federal court system.  The legal issue in this case – whether defendants used excessive force against plaintiff – is not complex, and this court is faced with similar cases almost daily.  Accordingly, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

## VI.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff's deposition and for sanctions, filed on May 4, 2015, is GRANTED;
2. Defendants are granted leave to re-schedule Plaintiff's deposition, and Plaintiff shall be required to attend the re-scheduled deposition and cooperate in discovery by answering the questions posed to him, to the best of his knowledge;
3. Defendants are permitted to take Plaintiff's deposition by videoconference;
4. Plaintiff shall be assessed Defendants' reasonable expenses and attorney fees incurred for preparation of their motion to compel and for conducting the

       deposition of May 1, 2015, as discussed above, and the monetary award shall be deducted from Plaintiff's damages award if he is successful at trial, or assessed as part of Defendants' costs if they prevail at trial;

5. Within thirty days of the date of service of this order, Defendants shall submit to the court an accounting of the expenses and attorney fees allowed by the court, as discussed above in this order;

6. Defendants' motion to modify the court's Discovery and Scheduling Order, filed on July 16, 2015, is GRANTED;

7. Discovery is now re-opened until **September 18, 2015**, for the sole purpose of re-scheduling and conducting Plaintiff's deposition;

8. The new deadline for the parties to file pretrial dispositive motions is **October 9, 2015**;

9. All other provisions of the court's September 4, 2014 Discovery and Scheduling Order remain the same;

10. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and

11. Plaintiff's failure to attend and participate in his re-scheduled deposition may result in the imposition of further sanctions deemed appropriate by this court, up to and including dismissal of this action.

IT IS SO ORDERED.

   Dated: **July 24, 2015**          **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE