UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>    Plaintiff,<br><br>    vs.<br><br>E. MADRUGA, et al.,<br><br>    Defendants. | 1:13-cv-01659-AWI-GSA-PC<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION<br>(ECF No. 33.) |

**I.    RELEVANT PROCEDURAL HISTORY**

Ess'nn A. Aubert ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

This case now proceeds with Plaintiff's original Complaint filed on October 15, 2013, against defendants Correctional Officer (C/O) B. Hobbs and C/O E. Madruga ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

On July 24, 2015, the court issued an order granting Defendants' motion to compel, filed on May 4, 2015, and motion to modify the Discovery and Scheduling Order, filed on July

---

[1] On May 21, 2014, the court issued an order dismissing all other claims and defendants from this action, for Plaintiff's failure to state a claim.  (ECF No. 11.)

1

16, 2015. (ECF No. 30.) On July 28, 2015, Plaintiff filed an opposition to Defendants' motion to modify the Discovery and Scheduling Order. (ECF No. 33.) The court construes Plaintiff's opposition as a request for reconsideration of the July 24, 2015 order.

## II.     REQUEST FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his request for reconsideration to induce the court to reverse its prior decision. Therefore, the request for reconsideration shall be denied.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for reconsideration, filed on July 28, 2015, is DENIED.

IT IS SO ORDERED.

   Dated:   **July 29, 2015**                        **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE