# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>       Plaintiff,<br><br>  v.<br><br>E. MADRUGA, et al.,<br><br>       Defendants. | 1:13-cv-01659-DAD-EPG (PC)<br><br>**SCHEDULING ORDER FOLLOWING STATUS CONFERENCE HELD ON SEPTEMBER 28, 2016**<br><br>**<u>Settlement Conference</u>: November, 1, 2016, at 11:00 a.m. in Courtroom 10 (EPG)**<br><br>**<u>Pretrial Conference</u>: December 5, 2016, at 1:30 p.m. in Courtroom 5 (DAD)**<br><br>**<u>Jury Trial</u>: January 31, 2017, at 8:30 a.m. in Courtroom 5 (DAD)** |

Ess'nn A. Aubert ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 15, 2013. (ECF No. 1).   This action now proceeds on Plaintiff's claims against defendants E. Madruga and B. Hobbs.  (ECF No. 11).

On September 28, 2016, the Court held a Scheduling Conference.  Plaintiff and Counsel for Defendants appeared by phone.  Pursuant to Fed. R. Civ. P. 16(b) (and as discussed at the Telephonic Status Conference), this Court now sets a schedule for this action.

1

1.     **SETTLEMENT CONFERENCE**

A settlement conference has been scheduled for November 1, 2016, at 11:00 a.m. in Courtroom 10 before Magistrate Judge Erica P. Grosjean.

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference.  Additionally, the parties and the person or persons having full authority to negotiate and settle the case on any terms must be present at the Settlement Conference.  Government entities may appear through litigation counsel only, but must have immediate access to the individual with settlement authority. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.   Consideration of settlement is a serious matter that requires preparation prior to the Settlement Conference.  Set forth below are the procedures the Court will employ when conducting the Settlement Conference.

**Confidential Settlement Statements**

At least seven (7) days prior to the settlement conference, each party shall submit a Confidential Settlement Conference Statement directly to the chambers of the judge who is conducting the settlement conference, and file a Notice of Submission of the Confidential Settlement Conference Statement with the Clerk of the Court (See L.R. 270(d)).[1]   The statement shall not be filed on the docket or served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the settlement conference clearly noted on the first page.   The Confidential Settlement Conference Statement shall include the following:

A.     A brief statement of the facts of the case.

B.     A brief statement of the claims and defenses, i.e., statutory or other grounds

---

[1] The Minutes that were docketed on 09/28/16 state that "each party shall submit directly to Judge Grosjeans [sic] chambers at epgorders@caed.uscourts.gov, a confidential settlement conference statement." The Court notes that Plaintiff has leave to mail his Confidential Settlement Conference Statement to: Chambers of Magistrate Judge Erica P. Grosjean, United States District Court, 2500 Tulare Street, Room 1501, Fresno, California 93721.

upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C.     A summary of the proceedings to date.

D.     An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E.     The relief sought.

F.     The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

## II.     MAGISTRATE JUDGE JURISDICTION

The parties have declined the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 31).

## III.     PRETRIAL CONFERENCE

The Pretrial Conference is set for hearing on December 5, 2016, at 1:30 p.m., in Courtroom 5, before District Judge Dale A. Drozd.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below.  **Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any or all witnesses named in his pretrial statement.**

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

A.     <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>  -  An incarcerated witness who agrees voluntarily to attend trial to give

3

testimony cannot come to Court unless this Court orders the warden or other custodian to permit the witness to be transported to Court.  This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file <u>concurrent with the pretrial statement</u> a written motion for a Court order requiring that such witnesses be brought to Court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the

4

prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to Court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to Court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before <u>November 1, 2016</u>.  Oppositions, if any, must be filed on or before <u>December 1, 2016</u>.**

B.     <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

C.     <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>  -  It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

D.     <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  <u>Id.</u>  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each

witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

**If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the court no later than <u>December 1, 2016</u>.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step D above, no later than <u>November 1, 2016</u>.**

The parties are advised that failure to file pre-trial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

## IV.   TRIAL DATE

The Trial is set for January 31, 2017, at 8:30 a.m. in Courtroom 5, before District Judge Dale A. Drozd.  As the Court noted at the Telephonic Status Conference, Judge Dale A. Drozd has several other trials set on the same day.  If one or more of those trials proceed, instead of this trial being canceled, this trial will trail the other trial(s).

## V.   EFFECT OF THIS ORDER

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed***.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

\\\
\\\

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __October 3, 2016__                    /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE