UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>          Plaintiff,<br><br>     v.<br><br>E. MADRUGA, et al.,<br><br>          Defendants. | 1:13-cv-01659-DAD-EPG (PC)<br><br>ORDER VACATING ORDER & WRIT OF HABEAS CORPUS AD TESTIFICANDUM TO TRANSPORT ESS'NN A. AUBERT, CDC # V77688, PLAINTIFF<br><br>(ECF No. 58)<br><br>ORDER VACATING SCHEDULING CONFERENCE ON NOVEMBER 1, 2016, AT 11:00 AM BEFORE MAGISTRATE JUDGE ERICA P. GROSJEAN<br><br>(ECF Nos. 56, 57) |

Ess'nn Aubert ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 28, 2016, the Court held a status conference to set the remaining dates in this case. The Court set the pretrial conference on December 5, 2016, and the trial on January 31, 2017. (ECF No. 57). During the status conference, the Court and parties also set a settlement conference. According to the ECRO recording, the Court discussed the selection of judge for the settlement conference as follows:[1]

> Judge Grosjean: I am going to require a [settlement conference].... I could do this, but I'm also ok giving it to another judge.... For what it's worth, I'm not going to have any more role in your proceedings, so in that way I don't think that there's a conflict if I preside over it because I'm not making any further decisions, but I want to make sure that the parties are comfortable. So, let me

---

[1] "Ums" and duplicate words have been omitted.

1

start.  Mr. Aubert, do you have a preference whether it's me or another magistrate judge to conduct your settlement conference?

Mr. Aubert: It's alright… if you preside over it.

Judge Grosjean: Ok

Mr. Aubert: If it's alright with the defense.

Judge Grosjean: Ok.  Defense, do you have a preference?

Mr. Rhoan: No your honor, I don't.

Judge Grosjean: Ok.  I guess lets schedule it with me….

The Court proceeded to set the settlement conference for November 1, 2016, at 11:00 a.m. before herself.  (ECF Nos. 56, 57)

On October 4, 2016, the Court issued an Order & Writ of Habeas Corpus Ad Testificandum to Transport Ess'nn A. Aubert, CDC # V77688, Plaintiff (ECF No. 58), so that Plaintiff could attend the settlement conference in person.

On October 17, 2016, Defendants filed "Objections to Magistrate Judge Grosjean Serving as Settlement Judge." (ECF No. 61).  That objection stated as follows:

> Defendants object to the Magistrate Judge serving as settlement judge in this case.  According to this Court's Local Rules, all parties must affirmatively request in writing that the assigned Magistrate Judge participate in the settlement conference and waive any claim of disqualification.  E.D. Cal. R. 270(b).  Absent such writing, the assigned Magistrate Judge shall not conduct the settlement conference. . . . .

> Defendants hereby request that this matter be scheduled for a settlement conference on a difference dates before a different judge.

(ECF No. 61).[2]

---

[2] Local Rule 270(b) provides: "Unless all the parties affirmatively request that the assigned Judge or Magistrate Judge participate in the conference and waive in writing any claim of disqualification on that basis to act as Judge or Magistrate Judge in the action thereafter, the assigned Judge or Magistrate Judge shall not conduct the settlement conference. See L.R. 240(a)(16)."  Notably, this rule does not state that "all parties must affirmatively request in writing that the assigned Magistrate Judge participate in the settlement conference," but it does require that a waiver be in writing.

As noted at the conference, Magistrate Judge Grosjean has no further role in this case, which is set for trial before District Judge Dale A. Drozd.  Defendants voiced no preference or objection at the status conference to Magistrate Judge Grosjean's participation, and did not object to the scheduling order or issuance of the writ for transportation of Plaintiff.  It is arguable that Defendants have waived any objection to Magistrate Judge Grosjean's role in the settlement conference.

Nevertheless, the Court has no desire to conduct a settlement conference over a party's objection.  Accordingly, the Court will vacate its order setting the settlement conference and vacate the writ requiring Plaintiff's attendance.  Magistrate Judge Michael J. Seng has agreed to serve as settlement conference judge in lieu of Magistrate Judge Grosjean.

It bears noting, however, that Magistrate Judges in this jurisdiction conduct settlement conferences voluntarily solely to assist the parties in reaching a resolution.  They are not required to do so.  Other jurisdictions require that parties pay for the assistance of professionals to mediate their settlement conferences.  Defendants' change of heart with trial so near, combined with insistence on a new date without any proposed date, is inconvenient for the Magistrate Judges as well as the inmate Plaintiff and the California Department of Corrections and Rehabilitation, which requires significant advance notice in order to facilitate Plaintiff's attendance at the settlement conference.

Accordingly, IT IS ORDERED that:

- The Order & Writ of Habeas Corpus Ad Testificandum to Transport Ess'nn A. Aubert, CDC # V77688, Plaintiff (ECF No. 58) is VACATED.

- The settlement conference scheduled for November 1, 2016, at 11:00 a.m. (ECF Nos. 56, 57), is VACATED.  All other dates remain unchanged, including the remaining dates in the October 3, 2016 scheduling order (ECF No. 57).

\\\
\\\
\\\
\\\

- Defense counsel shall coordinate with the chambers of Magistrate Judge Michael J. Seng and Plaintiff to schedule a mutually agreeable date and time for the settlement conference, and arrange for issuance of a new writ sufficiently in advance of the new date.

IT IS SO ORDERED.

Dated:   __**October 20, 2016**__          _____/s/_____

UNITED STATES MAGISTRATE JUDGE